```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

THE BANCORP BANK,

    Plaintiff,                    CIVIL NO. 15-4451(NLH)(AMD)

    v.                             **MEMORANDUM**
                                 **OPINION & OPINION**

CONDOR DEVELOPERS, LLC,
DANIEL BROWN, NJG
ACQUISITIONS, LLC, ENPHRONT
INC., and STATE OF NEW
JERSEY,

    Defendants.

**APPEARANCES**:

PHILIP S. ROSENZWEIG
SILVERANG, DONOHOE, ROSENZWEIG and HALTZMAN, LLC
595 E. LANCASTER AVENUE
SUITE 203
ST. DAVIDS, PA 19087

    *On behalf of Plaintiff*

ANTHONY MORGANO
LEVINE STALLER SKLAR CHAN & BROWN PA
3030 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401

    *On behalf of Defendants*

JACK PLACKTER
FOX ROTHSCHILD LLP
1301 ATLANTIC AVENUE
MIDTOWN BUILDING
ATLANTIC CITY, NJ 08401

    *On behalf of Receiver Joshua Levin*

**HILLMAN, District Judge**

    WHEREAS, this matter concerns claims by Plaintiff, The

Bancorp Bank, regarding the default on the financing of a property in Atlantic City, New Jersey that provides housing to veterans; and

WHEREAS, the property is currently under the control of a receiver, and judgments as to Defendants' liability to Bancorp have been entered; and

WHEREAS, on May 3, 2019, the Court issued an Opinion stating the following:

> Even though the Court has determined that Brown is liable under the personal guaranty, because of the particular circumstances of this case, the Court will refrain from entering final judgment against Brown at this time. Plaintiff, Brown, the receiver, and any other interested party shall confer on a procedure to timely and equitably, but still within the rights and obligations of the personal guaranty, move Plaintiff's claim against Brown, as well as Condor and NJG, to final judgment.
>
> As discussed at oral argument, the Court is of the view that the receiver should move expeditiously to conclude a market sale, or if necessary a foreclosure sale, of the property so the Court can conduct those proceedings necessary to quantify the appropriate judgments against Defendants Condor, NJG and now Brown. If the parties cannot agree on that procedure within two weeks of the date of this Opinion, the Court will set a hearing to effect the entry of final judgments.

(Docket No. 107); and

WHEREAS, the Court has considered the positions of Bancorp and the Receiver regarding the procedure moving forward (Docket No. 109, 111);

ACCORDINGLY,

IT IS on this __25th__ day of __June__, 2019

ORDERED that the Receiver shall have ninety (90) days to enter into a sale of the property; and it is further

ORDERED that if the property is not sold within 90 days, Bancorp shall have forty-five (45) days to quantify damages and set the specific amount of a foreclosure judgment.

At Camden, New Jersey          s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.